UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CINDY L. WILBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-08 |
| | ) | (PHILLIPS/GUYTON) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Judge of Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d). The Plaintiff requests that the Court enter an order awarding attorney fees in the amount of $2,779.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1).

## I.    BACKGROUND

On March 11, 2011, United States District Judge Thomas W. Phillips entered an Order [Doc. 18], adopting the undersigned's recommendation that this case be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405.

## II.    ANALYSIS

Four conditions must be met before an attorney is entitled to EAJA attorney fees:

> 1.  Plaintiff must be a prevailing party;
>
> 2.  The Commissioner's position must be without substantial justification;
>
> 3.  No special circumstances warranting denial of fees may exist;
>
> 4.  The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

### A.    Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Thus, the Court finds that the first condition for granting fees under the EAJA has been met.

### B.    The Commissioner's Position Was Without Substantial Justification

To satisfy the "substantial justification" requirement and defeat a request for attorney's fees, the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989); see also Pierce v. Underwood, 487 U.S. 552 (1988).

In her Memorandum in Support of Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), [Doc. 20], the Plaintiff argues that the Commissioner cannot meet his burden of proving substantial justification in this case, because the Commissioner defended this action despite the fact that the ALJ failed to adhere to relevant regulations and case law. [Doc. 20

2

at 2]. Specifically, the Commissioner failed to address the physical limitations described by Dr. Edith Smith.

The Commissioner responds that the Social Security Administration's position was substantially justified. The Commissioner notes that the Court found only one of the two arguments presented by the Plaintiff to be well-taken. The Commissioner maintains that the Court found only that the ALJ had failed to articulate the reasons he discounted the findings of Dr. E. Smith and did not find that the ALJ erred in his treatment of other medical evidence. The Commissioner maintains that the Court's findings of error do not necessitate a decision that the Commissioner's defense of the ALJ's decision was not substantially justified.

The Court has reviewed the Report and Recommendation [Doc. 17], submitted by the undersigned in this case, along with the Memorandum and Opinion [Doc. 18], entered by the District Judge. The Court finds that the Commissioner's litigation position was not substantially justified in law or fact because the Commissioner decided to defend the ALJ's clear violation of Section 404.1527 of the regulations and Social Security Rulings 96-8p and 06-3p. Those provisions require ALJs to provide reasons for the weight given to any of the medical source opinions in the record; the ALJ in this case simply failed to do so. A reasonable person, after examining the ALJ's opinion and the applicable regulations would not have been satisfied that the defense of this suit was justified in fact and law.

Thus, the Court finds that the the Commissioner's litigation position was without substantial justification, and the Court finds that the second condition for granting fees under the EAJA has been met.

3

**C.     There are No Special Circumstances Affecting an Award of Attorney's Fees**

Further, the Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust.

Thus, the Court finds the third condition for granting fees under the EAJA has been met.

**D.     The Plaintiff's Request for an Award of Fees is Timely**

On March 11, 2011, the District Judge entered an order accepting the Report and Recommendation of the undersigned and remanding this case to the Commissioner to address the weight afforded to Dr. Edith Smiths' opinion regarding Plaintiff's physical capacity.  On June 6, 2011, Plaintiff moved for a total fee amount of $2,779.00.  [Doc. 24].

Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, an appeal as of right may be filed within 60 days of the entry of a judgment or final order, when the United States or its officer or agency is a party to the action. Fed. R. App. P. 4(a)(1)(B). The Social Security Administration is an agency of the United States, so the Memorandum and Opinion in this case became a final order 60 days after its entry.  Thereafter, the Plaintiff had 30 days in which to file her EAJA application. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

The Court finds that the Motion for Attorney Fees [Doc. 19] was a proper application for fees, and it was timely-filed.  Thus, the Court finds that the fourth condition for granting fees under the EAJA has been met.

**E.     The Court Finds that the Fees Requested Are Reasonable**

Further, the Commissioner has not stated any opposition to reasonableness of the Plaintiff's request for attorney fees or the hourly fees requested.  The Court finds the fee requested to be reasonable, and the Court finds that the Plaintiff is entitled to $2,779.00 in attorney fees.

4

### III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[1] that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412 **[Doc. 19]** be **GRANTED**, and a judgment awarding Plaintiff the amount of **$2,779.00** for attorney fees be entered.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

5